[Civ. No. 61215. Second Dist., Div. Five. Nov. 18, 1981.]

LICORICE PIZZA RECORDS & TAPES, INC., et al., Plaintiffs and Respondents, v.
COUNTY OF LOS ANGELES et al., Defendants and Appellants.

COUNSEL

John H. Larson, County Counsel, and Frederick R. Bennett, Deputy County Counsel, for Defendants and Appellants.

Caton & Glazer, Robert Stanley Florey III, Luke McKissack, Glassman & Browning, Anthony Michael Glassman, Jane D. Saltsman and Frederic M. Smith for Plaintiffs and Respondents.

OPINION

**ASHBY, J.**—The County of Los Angeles appeals from an order granting a preliminary injunction restraining the enforcement of Los Angeles County Ordinance No. 12146.

The ordinance in question regulates the display to minors of drug paraphernalia for sale. The ordinance prohibits a drug paraphernalia store permitting a minor, unaccompanied by a parent or guardian, to be in any area of the store where the minor may view drug paraphernalia, or selling paraphernalia to a minor. The ordinance describes drug paraphernalia, when displayed, grouped, advertised or promoted for sale, to include "[a]ny item, whether useful for non-drug related purposes or not, which is displayed, grouped with other items, advertised or promoted in a manner to reasonably suggest its usefulness in the growing, harvesting, processing, manufacturing, preserving, inhaling, injecting or ingesting of marijuana, hashish, cocaine, or any controlled substance" and "[a]ny item, whether useful for non-drug related purposes or not, which is designed, decorated, or adorned in a manner to reasonably suggest its usefulness" in the above manner.[1]

The trial court granted the injunction primarily on the ground that the ordinance is unconstitutionally vague.

In *Music Plus Four, Inc.* v. *Barnet* (1980) 114 Cal.App.3d 113, 125-129 [170 Cal.Rptr. 419], the court held that a similar ordinance of the City of Westminster was not unconstitutionally vague. The language of the instant ordinance differs in certain respects, but the differences do not render the instant ordinance impermissibly vague. The Westminster ordinance referred to devices "for smoking or injecting" certain substances, and roach clips, cigarette papers and rollers "designed for the smoking of" the foregoing. The instant ordinance, on the other hand, recognizing that many common everyday items which have other purposes may also be used in connection with controlled substances, makes violation of the ordinance turn upon whether an item is displayed, grouped, advertised or promoted in a manner reasonably suggesting its usefulness for controlled substances or which is designed, decorated or adorned in a manner reasonably suggesting such usefulness.

---

[1]The text of the ordinance, in pertinent part, is attached to this opinion as an appendix.

The instant ordinance, in defining the paraphernalia by the manner in which it is displayed, is consistent with the reasoning of *Barnet*. In rejecting the argument that the Westminster ordinance was vague and overbroad, the *Barnet* court stated, "Clearly the proscribed devices are limited by the context to devices *being sold or displayed for sale for the purpose of smoking or otherwise using the specified drugs.* Moreover, we are convinced that no reasonably intelligent person, be it store owner or police officer, would have any difficulty determining whether such devices are being displayed for the purpose of sale for consuming or injecting drugs. [¶] A teaspoon in a room displaying housewares could not reasonably be found to be displayed for the purpose of sale for consuming drugs or narcotics. Conversely, a teaspoon in a record store at least suggests that the display is for sale for some purpose other than eating. Moreover, the display of a teaspoon along with water pipes, roach clips, and cigarette papers specifically designed for smoking marijuana, leaves no doubt about the purpose for which the displayed items are offered for sale." (114 Cal.App.3d at p. 128; italics in original.)

The instant ordinance is thus even less vague than the Westminster ordinance, which referred simply to devices "for" smoking, etc. The instant ordinance makes explicit what the *Barnet* court reached by inference, that the evil in certain devices is not necessarily inherent in the device itself but in the manner in which it is promoted for drug purposes.

Respondents contend that in the alternative the injunction should be upheld on the grounds that the ordinance violates due process because it is not rationally related to a permissible state purpose, infringes upon freedom of speech guaranteed by the First Amendment of the United States Constitution, and violates constitutional guarantees of equal protection of law. These arguments were also rejected by *Barnet*, and the Supreme Court denied hearing. (*Id.*, at pp. 125-132.)

For the reasons stated in *Barnet*, which was also an appeal from an order granting a preliminary injunction, the trial court erred in enjoining enforcement of the ordinance.

The order granting a preliminary injunction is reversed.

Stephens, Acting P. J., and Hastings, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied January 13, 1982. Kaus, J., did not participate therein.

## APPENDIX
### "DRUG PARAPHERNALIA STORES

"Section 3601. License Required. Every person conducting or managing a drug paraphernalia store shall first procure a license fee in the amount set forth in Chapter XXXI of this ordinance under the appropriate heading.

"Section 3602. Definition: Drug Paraphernalia Store. As used herein, 'drug paraphernalia store' shall mean any establishment or place where drug paraphernalia is displayed, grouped, advertised, or promoted for the purpose of sale, either as a primary business or as an incident of some other business. 'Drug paraphernalia store' as used herein does not include an establishment or place specifically licensed or authorized by the State or Federal Government or any agency thereof to sell or offer for sale marijuana, hashish, cocaine, or any controlled substance as defined in the Health and Safety Code of the State of California, when drug paraphernalia is displayed, advertised, or promoted for the purpose of sale to persons authorized by prescription or otherwise to legally possess such marijuana, hashish, cocaine, or other such controlled substance with which the drug paraphernalia item is so used; nor does 'drug paraphernalia store' include any establishment or place licensed by the State or Federal Government, or any agency thereof to lawfully sell drug paraphernalia.

"Section 3603. Definition: Drug paraphernalia. As used herein, 'drug paraphernalia' means any of the following when displayed, grouped, advertised or promoted for sale:

"(a) Any item whether useful for non drug related purposes or not, which is displayed, grouped with other items, advertised, or promoted in a manner to reasonably suggest its usefulness in the growing, harvesting, processing, manufacturing, preserving, inhaling, injecting or ingesting of marijuana, hashish, cocaine, or any controlled substance as defined in the Health and Safety Code of the State of California.

"(b) Any item, whether useful for non drug related purposes or not, which is designed, decorated or adorned in a manner to reasonably suggest its usefulness in the growing, harvesting, processing, inhaling, injecting, or ingesting of marijuana, hashish, cocaine, or any controlled substance as defined in the Health and Safety Code of the State of California.

"(c) Any item defined by any statute of the State of California as drug paraphernalia.

"Section 3604. Minors. Any person engaged in, conducting, managing or carrying on a drug paraphernalia store, shall not (a) permit persons under the age of 18 years of age to enter, unaccompanied by his or her parent or legal guardian, any area of such establishment or store, where such person under the age of 18 years may view drug paraphernalia; (b) sell drug paraphernalia to any person under the age of 18 years of age."